Cole, Ch. J.
Upon the consideration of the petition for rehearing filed in this case, the donbt as to the correctness of the opinion heretofore filed, which the writer thereof had all along entertained, was shared in by one other member of the court, and a rehearing was granted. Upon the rehearing and a full reconsideration of the case, we are agreed in holding that the opinion, as filed, is correct and must stand.
Three points are made by the appellant’s counsel in the re-argument, to wit:
First. That it was error to give the defendant the opening and closing of the case. This cannot be so, for the defendant admitted, both in his pleading and orally, before the jury, the truth of the plaintiffs’ allegations in their petition. This entitled him, under the statute and the practice, to the right the court awarded him.
Second. It is claimed that the court erred in admitting evidence tending to disprove the allegations of the plaintiffs’ petition. But the appellant’s counsel, in their argument, seem to forget that the defendant had set up a counterclaim for other wool shipped to plaintiffs than that stated in their petition, and also for damages resulting from the sale of the wool, contrary to instructions, which plaintiffs state they did receive and sell. Now, proof that plaintiffs did receive other wool than stated in their petition did not tend to disprove or contradict the allegations of the petition ; the petition does not state that the wool described therein was all that was received. But it is further contended that this evidence did tend to contradict the claim that defendant owed plaintiffs the sum of $421.41. This is true, and this the defendant might do, under the admission of the allegations of the petition. Bor this, such claim is not an allegation, it is simply a deduction from the other statements of the petition. To illustrate, the plaintiff sues upon an account, setting out the items and averring ;he sale and delivery of each item, and claims that the de *488 fendant owes him '$400 thereon. To this the defendant answers, admitting the allegations of the petition, and then sets np a counterclaim, stating the facts, for $500. Now, proof of this counterclaim, which would defeat plaintiffs’ recovery, is not at all inconsistent with, nor does it tend to contradict, the admissions of the answer.
Third. The instructions, which allowed the jury to consider this evidence and base a verdict thereon, are also objected to. But, for the reasons just stated, such objections are not well founded. The judgment must stand
Reversed.